**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**
**www.flsb.uscourts.gov**

**In re:**                                                                 **Case No. 16-23353-EPK**

**RICHARD DENNIS RAHAIM, Jr.,**                      **Chapter 7**

        **Debtor.**
_____/

**CHAPTER 7 TRUSTEE'S *EX PARTE* APPLICATION TO APPROVE LISTING AGREEMENT FOR REAL PROPERTY AND *EX PARTE* APPLICATION TO EMPLOY REAL ESTATE PROFESSIONAL**

        NICOLE TESTA MEHDIPOUR, the Chapter 7 Trustee (the "Trustee") for the above-captioned estate, hereby files on an *ex parte* basis, this Application to Approve Listing Agreement for Real Property and to Employ Real Estate Professional, Raymond Perez of Me Realty Group LLC (the "Application"), and respectfully states as follows:

        1.        On September 29, 2016, Richard Dennis Rahaim, Jr. (the "Debtor") filed a voluntary petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") [ECF No. 1].

        2.        On September 29, 2016, Nicole Testa Mehdipour, Trustee was appointed as the Chapter 7 Trustee for the Debtor's Case [ECF No. 2].

        3.        The Debtor, Richard Dennis Rahaim, Jr., is the sole fee simple owner of an interest in real property located in Palm Beach County, Florida, which is identified as having the property address of: 179 ISLE VERDE WAY, PALM BEACH GARDENS, FL 33418 (Parcel ID No. 52-42-41-34-12-000-0400), and is legally described as follows:

> Lot 40C in MIRABELLA AT MIRASOL PLAT "C" REPLAT, according to the map or plat thereof, as recorded in Plat Book 95, Page 124, of the Public Records of Palm Beach County, Florida

(hereinafter referred to as the "Property").

4.    The Trustee believes that the Property may be sold for the benefit of creditors. The secured lender has procedures in place for a "short sale" if necessary. Therefore, the Trustee has requested the real estate services of Raymond Perez with Me Realty Group LLC (the "Broker") to solicit offers and list and market the Property for a potential sale. The Trustee believes, if necessary, a short sale can be done with the lender's consent as there are procedures in place for short sales. Any short sale will be contingent upon a carve-out for the estate, which will benefit unsecured creditors.

5.    Subject to this Court's approval, the Trustee entered into an exclusive right of sale listing agreement (the "Listing Agreement"), which is attached hereto as *Exhibit A*. Pursuant to the Listing Agreement, the Broker is to receive a six percent (6%) commission, of which three percent (3%) may go toward compensating the buyer's broker (the "Procuring Cause Broker"). However, in the event that there is no Procuring Cause Broker, the Broker agrees to a four percent (4%) commission, for the benefit of the estate and creditors.[1]

6.    The proposed Broker is disinterested within the meaning of 11 U.S.C. §101(14) and §327(a). Attached hereto as *Exhibit B*, is the Affidavit of the Broker.

7.    The Broker agrees to market the Property for sale as an arm's length transaction to an independent third party.

8.    The Trustee believes that the retention of the Broker is in the best interest of the estate, as the terms upon which he has agreed to handle this sale are the terms which are common throughout this district, i.e. a six percent (6%) commission. The Trustee believes that the Broker has the requisite expertise and experience and would be the best prospective party for handling the listing and marketing of the Property.

---

[1] Real Estate Broker Commissions are subject to Short Sale lender approval.

9. The Trustee also requests authorization to reimburse Broker in a maximum amount not to exceed $500.00, for any approved, out-of-pocket costs incurred by Broker, associated with maintenance and upkeep of the Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order.

10. The Trustee requests that this Court approve the Listing Agreement and the employment of Raymond Perez of Me Realty Group LLC, as the approved Broker for the Trustee. Further, the Trustee requests that this Court approve the compensation to the Broker of up to six percent (6%), which may be divided with a Procuring Cause Broker, as set forth herein and in the Listing Agreement, and requests authorization to reimburse Broker in an amount up to, but not to exceed $500.00 for approved costs associated with maintenance and upkeep of the Property.

11. Upon the entry of an Order Approving a Sale of the Property by the Trustee, the Trustee requests authorization to disburse payment of the Broker's commission, and/or payment to any Procuring Cause Broker, pursuant to the Listing Agreement, without the necessity of further notice or hearing.

WHEREFORE, the Chapter 7 Trustee, NICOLE TESTA MEHDIPOUR, respectfully requests the entry of an Order: (i) granting this Application; (ii) approving the Listing Agreement attached hereto as *Exhibit A*; (iii) approving the employment of the Trustee's proposed Broker upon the terms and conditions stated herein; (iv) approving the Broker's proposed commission and authorizing the Trustee to disburse payment to the Broker and/or to any Procuring Cause Broker, pursuant to the Listing Agreement; (v) authorizing the Trustee to reimburse Broker in the maximum amount, not to exceed $500.00, upon the availability of funds from the estate, without the need for further Order, for any approved, out-of-pocket costs incurred by Broker,

associated with maintenance and upkeep of the Property in connection with a potential sale; and (vi) for any such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of March, 2017.

/s/ Nicole Testa Mehdipour___
Nicole Testa Mehdipour, Trustee
Chapter 7 Trustee
200 E. Broward Boulevard
Suite 1110
Fort Lauderdale, FL 33301
Tel: (954) 858-5880
www.MehdipourTrustee.com

# EXHIBIT A

## Exclusive Right of Sale Listing Agreement

1   This Exclusive Right of Sale Listing Agreement ("Agreement") is between
2*  Trustee Nicole Testa Mehdipour for the Estate of       RICHARD DENNIS RAHAIM, Jr. (16-23353-EPK)      ("Seller")
3*  and Raymond Perez of Me Realty Group LLC                                                             ("Broker").

4   **1. Authority to Sell Property:** **Seller** gives **Broker** the EXCLUSIVE RIGHT TO SELL the real and personal property
5   (collectively "Property") described below, at the price and terms described below, beginning
6*  02/01/2017                and terminating at 11:59 p.m. on 10/01/2017           ("Termination Date"). Upon
7   full execution of a contract for sale and purchase of the Property, all rights and obligations of this Agreement will
8   automatically extend through the date of the actual closing of the sales contract. **Seller** and **Broker** acknowledge
9   that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race,
10  color, religion, sex, handicap, familial status, national origin, or any other factor protected by federal, state, or local
11  law. **Seller** certifies and represents that she/he/it is legally entitled to convey the Property and all improvements.

12  **2. Description of Property:**
13* (a) Street Address: 179 ISLE VERDE WAY, PALM BEACH GARDENS, FL 33418
14
15*     Legal Description: MIRABELLA AT MIRASOL PL C REPL LT 40C
16*                                                                         ☐ See Attachment

17* (b) Personal Property, including appliances: _____
18*                                                                         ☐ See Attachment

19  (c) Occupancy:
20*     Property ☐ is  ☒ is not currently occupied by a tenant. If occupied, the lease term expires _____.

21  **3. Price and Terms:** The property is offered for sale on the following terms or on other terms acceptable to **Seller**:
22* (a) Price: $       TBD
23* (b) Financing Terms:  ☐ Cash  ☐ Conventional  ☐ VA  ☐ FHA  ☐ Other (specify) _____
24*     ☐ Seller Financing: Seller will hold a purchase money mortgage in the amount of $_____
25*     with the following terms: _____
26*     ☐ Assumption of Existing Mortgage: Buyer may assume existing mortgage for $_____ plus
27*     an assumption fee of $_____. The mortgage is for a term of _____ years beginning in
28*     _____, at an interest rate of _____% ☐ fixed ☐ variable (describe) _____.
29*     Lender approval of assumption ☐ is required ☐ is not required ☐ unknown. **Notices to Seller:** (1) You may
30      remain liable for an assumed mortgage for a number of years after the Property is sold. Check with your
31      lender to determine the extent of your liability. Seller will ensure that all mortgage payments and required
32      escrow deposits are current at the time of closing and will convey the escrow deposit to the buyer at closing.
33      (2) Extensive regulations affect Seller-financed transactions. It is beyond the scope of a real estate licensee's
34      authority to determine whether the terms of your Seller financing agreement comply with all applicable laws or
35      whether you must be registered and/or licensed as a loan originator before offering Seller financing. You are
36      advised to consult with a legal or mortgage professional to make this determination.
37* (c) Seller Expenses: Seller will pay mortgage discount or other closing costs not to exceed _____% of the
38      purchase price and any other expenses Seller agrees to pay in connection with a transaction.

39  **4. Broker Obligations:** **Broker** agrees to make diligent and continued efforts to sell the Property until a sales
40  contract is pending on the Property.

41  **5. Multiple Listing Service:** Placing the Property in a multiple listing service (the "MLS") is beneficial to **Seller**
42  because the Property will be exposed to a large number of potential buyers. As a MLS participant, **Broker** is
43  obligated to timely deliver this listing to the MLS. This listing will be promptly published in the MLS unless **Seller**
44  directs **Broker** otherwise in writing. **Seller** authorizes **Broker** to report to the MLS this listing information and price,
45  terms, and financing information on any resulting sale for use by authorized Board / Association members and
46  MLS participants and subscribers unless **Seller** directs **Broker** otherwise in writing.

Seller (____)(____) and Broker/Sales Associate (____)(____) acknowledge receipt of a copy of this page, which is Page 1 of 4.
ERS-16tb   Rev 3/14                                                                © 2014 Florida Association of Realtors®

```
47   6. Broker Authority: Seller authorizes Broker to:
48      (a) Advertise the Property as Broker deems advisable including advertising the Property on the Internet unless
49          limited in (6)(a)(i) or (6)(a)(ii) below.
50          (Seller opt-out) (Check one if applicable)
51*         (i)  ☐ Display the Property on the Internet except the street address.
52*         (ii) ☐ Seller does not authorize Broker to display the Property on the Internet.
53              Seller understands and acknowledges that if Seller selects option (ii), consumers who search for listings
54              on the Internet will not see information about the Property in response to their search.
55*                    _____/_____ Initials of Seller
56      (b) Place appropriate transaction signs on the Property, including "For Sale" signs and "Sold" signs (once Seller
57          signs a sales contract) and use Seller's name in connection with marketing or advertising the Property.
58      (c) Obtain information relating to the present mortgage(s) on the Property.
59      (d) Provide objective comparative market analysis information to potential buyers.
60*     (e) (Check if applicable)  ☐ Use a lock box system to show and access the Property. A lock box does not
61          ensure the Property's security. Seller is advised to secure or remove valuables. Seller agrees that the lock
62          box is for Seller's benefit and releases Broker, persons working through Broker, and Broker's local Realtor
63          Board / Association from all liability and responsibility in connection with any damage or loss that occurs.
64*         ☐ Withhold verbal offers.  ☐ Withhold all offers once Seller accepts a sales contract for the Property.
65      (f) Act as a transaction broker.
66      (g) Virtual Office Websites: Some real estate brokerages offer real estate brokerage services online. These
67          websites are referred to as Virtual Office Websites ("VOWs"). An automated estimate of market value or
68          reviews and comments about a property may be displayed in conjunction with a property on some VOWs.
69          Anyone who registers on a VOW may gain access to such automated valuations or comments and reviews
70          about any property displayed on a VOW. Unless limited below, a VOW may display automated valuations or
71          comments and reviews about this Property.
72*         ☒ Seller does not authorize an automated estimate of the market value of the listing (or a hyperlink to such
73             estimate) to be displayed in immediate conjunction with the listing of this Property.
74*         ☒ Seller does not authorize third parties to write comments or reviews about the listing of the Property (or
75             display a hyperlink to such comments or reviews) in immediate conjunction with the listing of this Property.
76   7. Seller Obligations: In consideration of Broker's obligations, Seller agrees to:
77      (a) Cooperate with Broker in carrying out the purpose of this Agreement, including referring immediately to
78          Broker all inquiries regarding the Property's transfer, whether by purchase or any other means of transfer.
79      (b) Provide Broker with keys to the Property and make the Property available for Broker to show during
80          reasonable times.
81      (c) Inform Broker before leasing, mortgaging, or otherwise encumbering the Property.
82      (d) Indemnify Broker and hold Broker harmless from losses, damages, costs, and expenses of any nature,
83          including attorney's fees, and from liability to any person, that Broker incurs because of (1) Seller's
84          negligence, representations, misrepresentations, actions, or inactions; (2) the use of a lock box; (3) the
85          existence of undisclosed material facts about the Property; or (4) a court or arbitration decision that a broker
86          who was not compensated in connection with a transaction is entitled to compensation from Broker. This
87          clause will survive Broker's performance and the transfer of title.
88      (e) Perform any act reasonably necessary to comply with FIRPTA (Section 1445 of the Internal Revenue Code).
89      (f) Make all legally required disclosures, including all facts that materially affect the Property's value and are not
90          readily observable or known by the buyer. Seller certifies and represents that Seller knows of no such
91          material facts (local government building code violations, unobservable defects, etc.) other than the following:
92*         _____
93          Seller will immediately inform Broker of any material facts that arise after signing this Agreement.
94      (g) Consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting
95          requirements, and other specialized advice.
96   8. Compensation: Seller will compensate Broker as specified below for procuring a buyer who is ready, willing,
97      and able to purchase the Property or any interest in the Property on the terms of this Agreement or on any other
98      terms acceptable to Seller. Seller will pay Broker as follows (plus applicable sales tax):
99*     (a) 6.0        % of the total purchase price plus $_____ OR $_____, no
100         later than the date of closing specified in the sales contract. However, closing is not a prerequisite for Broker's
101         fee being earned.
102*    (b) _____ ($ or %) of the consideration paid for an option, at the time an option is created. If the option is
103         exercised, Seller will pay Broker the Paragraph 8(a) fee, less the amount Broker received under this
104         subparagraph.

Seller (_nm_) (____) and Broker/Sales Associate (_RS_) (____) acknowledge receipt of a copy of this page, which is Page 2 of 4.
ERS-16tb   Rev 3/14                                                                   © 2014 Florida Association of Realtors®
```

~~(c) _____ ($ or %) of gross lease value as a leasing fee, on the date **Seller** enters into a lease or agreement to lease, whichever is earlier. This fee is not due if the Property is or becomes the subject of a contract granting an exclusive right to lease the Property.~~

~~(d) **Broker's** fee is due in the following circumstances: (1) If any interest in the Property is transferred, whether by sale, lease, exchange, governmental action, bankruptcy, or any other means of transfer, regardless of whether the buyer is secured by **Seller**, **Broker**, or any other person. (2) If **Seller** refuses or fails to sign an offer at the price and terms stated in this Agreement, defaults on an executed sales contract, or agrees with a buyer to cancel an executed sales contract. (3) If, within _____ days after Termination Date ("Protection Period"), **Seller** transfers or contracts to transfer the Property or any interest in the Property to any prospects with whom **Seller**, **Broker**, or any real estate licensee communicated regarding the Property before Termination Date. However, no fee will be due **Broker** if the Property is relisted after Termination Date and sold through another broker.~~

~~(e) Retained Deposits: As consideration for **Broker's** services, **Broker** is entitled to receive _____ % of all deposits that **Seller** retains as liquidated damages for a buyer's default in a transaction, not to exceed the Paragraph 8(a) fee.~~

9. **Cooperation with and Compensation to Other Brokers: Notice to Seller:** The buyer's broker, even if compensated by **Seller** or **Broker**, may represent the interests of the buyer. **Broker's** office policy is to cooperate with all other brokers except when not in **Seller's** best interest and to offer compensation in the amount of ☒ 3.0 % of the purchase price or $_____ to a single agent for the buyer; ☒ 3.0 % of the purchase price or $_____ to a transaction broker for the buyer; ~~and ☐ _____ % of the purchase price of $_____ to a broker who has no brokerage relationship with the buyer.~~
   ~~☐ None of the above. (If this is checked, the Property cannot be placed in the MLS.)~~

10. **Brokerage Relationship: Broker** will act as a transaction broker. **Broker** will deal honestly and fairly; will account for all funds; will use skill, care, and diligence in the transaction; will disclose all known facts that materially affect the value of the residential property which are not readily observable to the buyer; will present all offers and counteroffers in a timely manner unless directed otherwise in writing; and will have limited confidentiality with **Seller** unless waived in writing.

~~**Conditional Termination:** At **Seller's** request, **Broker** may agree to conditionally terminate this Agreement. If **Broker** agrees to conditional termination, **Seller** must sign a withdrawal agreement, reimburse **Broker** for all direct expenses incurred in marketing the Property, and pay a cancellation fee of $_____ plus applicable sales tax. **Broker** may void the conditional termination, and **Seller** will pay the fee stated in Paragraph 8(a) less the cancellation fee if **Seller** transfers or contracts to transfer the Property or any interest in the Property during the time period from the date of conditional termination to Termination Date and Protection Period, if applicable.~~

~~12. **Dispute Resolution:** This Agreement will be construed under Florida law. All controversies, claims, and other matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be settled by first attempting mediation under the rules of the American Mediation Association or other mediator agreed upon by the parties. If litigation arises out of this Agreement, the prevailing party will be entitled to recover reasonable attorney's fees and costs, unless the parties agree that disputes will be settled by arbitration as follows: **Arbitration:** By initialing in the space provided, **Seller** (____) (____), Sales Associate (____), and **Broker** (____) agree that disputes not resolved by mediation will be settled by neutral binding arbitration in the county in which the Property is located in accordance with the rules of the American Arbitration Association or other arbitrator agreed upon by the parties. Each party to any arbitration (or litigation to enforce the arbitration provision of this Agreement or an arbitration award) will pay its own fees, costs, and expenses, including attorney's fees, and will equally split the arbitrator's fees and administrative fees of arbitration.~~

~~13. **Miscellaneous:** This Agreement is binding on **Seller's** and **Broker's** heirs, personal representatives, administrators, successors, and assigns. **Broker** may assign this Agreement to another listing office. This Agreement is the entire agreement between **Seller** and **Broker**. No prior or present agreements or representations will be binding on **Seller** or **Broker** unless included in this Agreement. Electronic signatures are acceptable and will be binding. Signatures, initials, and modifications communicated by facsimile will be considered as originals. The term "buyer" as used in this Agreement includes buyers, tenants, exchangors, optionees, and other categories of potential or actual transferees.~~

Seller (MM) (____) and Broker/Sales Associate (RS) (____) acknowledge receipt of a copy of this page, which is Page 3 of 4.
ERS-16tb   Rev.3/14                                                                                        © 2014 Florida Association of Realtors®

157· **14. Additional Terms:** _____

158  1. All agreements, whether this listing agreement, or any other contracts, must be approved by the

159  United States Bankruptcy Court for the Southern District of Florida.

160  2. All disputes relating to this agreement or sale of the property shall be heard by the United States Bankruptcy Court for the

161  Southern District of Florida.

162  3. Property is being sold "As-is, Where-is", with no representations, guarantees, or warranties of any kind, whatsoever.

163  _____

164  _____

165  _____

166  _____

167  _____

168  _____

169  _____

170· **Seller's Signature:** _Nicole Mehdipour, Trustee_ Date: _3/6/2017_

171· Home Telephone: _____ Work Telephone: _(954) 858-5880_ Facsimile: _____

172· Address: _Nicole Testa Mehdipour, Trustee, 200 E. Broward Blvd., Suite 1110, Fort Lauderdale, FL 33301_

173· Email Address: _trustee@ntmlawfirm.com_

174· **Seller's Signature:** _____ Date: _____

175· Home Telephone: _____ Work Telephone: _____ Facsimile: _____

176· Address: _____

177· Email Address: _____

178· **Authorized Sales Associate or Broker:** _[signature]_ Date: _3/6/2017_

179· Brokerage Firm Name: _Me Realty Group, LLC_ Telephone: _561-420-9877_

180· Address: _4440 PGA Blvd. #600, Palm Beach Gardens, FL 33410_

181· Copy returned to **Seller** on _____ by ☐ email ☐ facsimile ☐ mail ☐ personal delivery.

The Florida Association of REALTORS® makes no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its Code of Ethics. The copyright laws of the United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized forms.

Seller (_NM_) (____) and Broker/Sales Associate (_[initials]_) (____) acknowledge receipt of a copy of this page, which is Page 4 of 4.
ERS-16tb  Rev 3/14                                              © 2014 Florida Association of Realtors®

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## (WEST PALM BEACH DIVISION)
## www.flsb.uscourts.gov

In re:                                              Case No. 16-23353-EPK

RICHARD DENNIS RAHAIM, Jr.,                         Chapter 7

       Debtor.
_____/

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR AUTHORIZATION TO EMPLOY ME REALTY GROUP LLC, AND RAYMOND PEREZ AS REAL ESTATE AGENT

STATE OF FLORIDA           )
                           )
COUNTY OF PALM BEACH       )

Raymond Perez, being duly sworn, says:

1. I am a real estate agent duly licensed by the State of Florida.

2. I am an agent of Me Realty Group LLC, a Florida Corporation, with the corporate offices located at 4440 PGA Blvd, Suite 600, Palm Beach Gardens, FL 33410 ("Me Realty").

3. I am familiar with the *Ex Parte Application to Approve Listing Agreement for Real Property and Ex Parte Application to Employ Real Estate Professional*, filed by the Trustee, ("Application") and the property described therein.

4. I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 179 ISLE VERDE WAY, PALM BEACH GARDENS, FL 33418 (the "Property").

5. Me Realty has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Me Realty does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

6. Neither I nor any member of Me Realty hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7. To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtor, its creditors, or any other party in interest or their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8. I represent no interest adverse to the Debtor or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

Raymond Perez of
Me Realty Group LLC

The foregoing instrument was sworn to and subscribed before me this 20th day of January, 2017.

NOTARY PUBLIC

Notary Public, State of Florida

Patricia Pettigrew
Type, Stamp or Print Name as Commissioned

SEAL OF OFFICE:

☐ Personally known to me, or
☐ Produced identification  Florida Drivers License
Type of identification

PATRICIA PETTIGREW
Notary Public, State of Florida
Commission# FF 987919
My comm. expires May 22. 2020

☐ Did take an oath, or
☐ Did NOT take an oath.

[9000-115/1923938/1]                    2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on March 21, 2017, via the Court's CM/ECF electronic mail notification system and via U.S. Mail to all parties indicated on the attached notice list.

/s/ Nicole Testa Mehdipour, Trustee
Nicole Testa Mehdipour, Trustee

### *Via CM/ECF*

- Adam A Diaz    adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com
- Dana L Kaplan    dana@kelleylawoffice.com, lyndia@kelleylawoffice.com;kym@kelleylawoffice.com;tina@kelleylawoffice.com;craig@kelleylawoffice.com
- Deborah B Marks    synergy928@aol.com
- Orfelia M Mayor    omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- Nicole Testa Mehdipour    nicolem@ntmlawfirm.com, ksalamone@ntmlawfirm.com;cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com
- Nicole Testa Mehdipour    Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;cm_ecf@mehdipourtrustee.com;bcasey@mehdipourtrustee.com;BCasey@ntmlawfirm.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Kimberly Salamone    ksalamone@ntmlawfirm.com, atty_mehdipour@bluestylus.com;cm_ecf_service@ntmlawfirm.com

### *Via U.S. Mail*

Synchrony Bank
c/o Recovery Management Systems Corp
25 SE 2 Ave #1120
Miami, FL 33131

RICHARD RAHAIM, Jr.
2159 SW BALATA TERRACE
PALM CITY, FL  34990-4327

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**
www.flsb.uscourts.gov

In re:                                              Case No.  16-23353-EPK

**RICHARD DENNIS RAHAIM, Jr.,**            Chapter  7

      Debtor.
_____/

**ORDER GRANTING TRUSTEE'S *EX PARTE* APPLICATION TO APPROVE LISTING AGREEMENT FOR REAL PROPERTY AND GRANTING *EX PARTE* APPLICATION TO EMPLOY REAL ESTATE PROFESSIONAL**

      **THIS MATTER** having come before the Court upon the *Ex Parte* Application to Approve Listing Agreement for Real Property and to Employ Real Estate Professional, Raymond Perez of Me Realty Group LLC, by the Trustee, NICOLE TESTA MEHDIPOUR, TRUSTEE (the "Application") [ECF No.____], seeking the entry of an Order approving the proposed Listing Agreement and approving the employment of Raymond Perez of Me Realty Group LLC (the "Broker"), subject to the terms and conditions delineated therein, relative to the listing and

marketing of the Property of the estate referenced in the Application. The Court having considered the record, as related to a potential sale of the estate's interest in the Property referenced in the Application, finds good cause to approve the employment and compensation of Raymond Perez of Me Realty Group LLC, pursuant to the terms and conditions stated in the Application.

Thereupon, it is

**ORDERED AND ADJUDGED** that:

1.	The Application is **GRANTED**.

2.	The Listing Agreement attached to the Application as *Exhibit A* is approved in its entirety.

3.	Upon the representations that Raymond Perez of Me Realty Group LLC hold no interests adverse to the estate in the matters upon which they are employed, and that Raymond Perez of Me Realty Group LLC are disinterested persons as required by 11 U.S.C §327(a), and have disclosed any connections with parties set forth in Rule 2014 of the Federal Rules of Bankruptcy Procedure, and that their employment is necessary and would be in the best interests of the estate, the Trustee is authorized to employ Raymond Perez of Me Realty Group LLC, as her Broker.

4.	The Broker's compensation of a six percent (6%) commission, of which three percent (3%) may go toward compensating the buyer's broker (the "Procuring Cause Broker"), or in the event that there is no Procuring Cause Broker, the Broker's agreed compensation of a four percent (4%) commission, is approved pursuant to the terms and conditions stated in the Application and the Listing Agreement.[1]

5.	The Trustee is further authorized to disburse funds from the estate, upon the availability of such funds, in an amount up to, but not to exceed $500.00, for any approved, out-of-pocket costs incurred by Broker, associated with maintenance and upkeep of the Property in

---

[1] Real Estate Broker Commissions are subject to Short Sale lender approval.

connection with a potential sale.

      6.      Upon the entry of an Order Approving a Sale of the Property by the Trustee, the Trustee is further authorized to disburse payment to Broker for his commission, and/or payment to any Procuring Cause Broker, pursuant to the Application and the Listing Agreement, without the necessity of further notice or hearing.

      7.      The Court reserves jurisdiction to interpret and enforce the terms of this Order and the Listing Agreement.

###

**Submitted by:**
Nicole Testa Mehdipour, Trustee
200 E. Broward Boulevard
Suite 1110
Fort Lauderdale, FL 33301

*(Ms. Mehdipour shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).*